UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-14034-BLOOM

TRAYMONTE BIRTANNE SNIPES,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND ESTABLISHING $5.00 DEBT

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Petitioner has filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which is, in legal effect, a habeas corpus petition, pursuant to 28 U.S.C. § 2254, attacking the constitutionality of his confinement due to the Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act, Fla. Stat. §§ 394.910-.913. The Amended Petition, ECF No. [3-1], and Motion to Proceed *In Forma Pauperis*, ECF No. [4], were filed in the United States District Court for the Middle District of Florida, Tampa Division, and transferred by court order on January 21, 2021, to the Southern District of Florida. ECF No. [6]. Petitioner filed a certified account statement, but it does not contain the statutorily required receipts, expenditures, and balances for the six months immediately preceding the filing. The Court, however, takes judicial notice of Petitioner's *in forma pauperis* status in his underlying state civil commitment in the Sixth Judicial Circuit Court in Pinellas County, Florida, Case No. 19-007477-CI, and grants Petitioner's motion to proceed *in forma pauperis* pursuant to Rule 3(a) of the Rules Governing § 2254 Proceedings in the District Courts.

Pursuant to 28 U.S.C. § 1914(a), the clerk of each district court requires "parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350" unless the application is for a writ of habeas corpus, which is $5. *See also Daker v. Dozier*, No. 6:17-CV-110, 2017 WL 4448234, at *3 n.3 (S.D. Ga. Oct. 5, 2017), *report and recommendation adopted,* No. 6:17-CV-110, 2018 WL 582581 (S.D. Ga. Jan. 29, 2018).

On April 26, 1996, 28 U.S.C. § 1915(a) was amended in part to provide that:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a).

The six-month account statement is needed because pursuant to 28 U.S.C. § 1915(b), as amended April 26, 1996, if a prisoner brings a civil action *in forma pauperis*, the prisoner must be required to pay the full filing fee. Initially, the Court must assess "20% of the greater of — (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint or notice of appeal." *Id.* § 1915(b)(1).

Thereafter, "the prisoner must make payments of 20 percent of the preceding month's income credited to his or her account. The agency having custody of the prisoner must forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fees are paid." *Id.* § 1915(b)(2). A prisoner shall not "be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." *Id.* § 1915(b)(4).

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1. Petitioner's motion to proceed *in forma pauperis*, **ECF No. [4]**, is **GRANTED**, and Petitioner may proceed *in forma pauperis* to the extent that he need not prepay even a partial filing fee in this case, or to prepay costs such as for service of process.

2. Petitioner owes the United States a debt of $5.00 which must be paid to the Clerk of the Court as funds become available.

3. The jail/prison having custody of Petitioner must make payments from the prisoner's account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the full filing fee of $5.00 is paid.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 2, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Traymonte Birtanne Snipes, *Pro Se*
#2899621
Treasure Coast Forensic Treatment Center
Inmate Mail/Parcels
96 SW Allapattah Road
Indiantown, FL 34956

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com

Warden,
Treasure Coast Forensic Treatment Center
Inmate Mail/Parcels
96 SW Allapattah Road
Indiantown, FL 34956

Case No. 21-cv-14034-BLOOM

Financial Department,
United States District Court,
Southern District of Florida