**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-14034-BLOOM

TRAYMONTE BIRTANNE SNIPES,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**OMNIBUS ORDER**

**THIS CAUSE** is before the Court upon *pro se* Petitioner's Motion to Order, ECF No. [22] ("Motion"), requesting that this Court appoint Petitioner an attorney due to his indigent status, his limited access to legal materials, and the "false and misleading statements" set forth in Respondent's Response to Petition for Writ of Habeas Corpus with Supporting Memorandum of Law, ECF No. [18]. Petitioner has also filed a Motion for Extension of Time, ECF No. [23], requesting an additional sixty (60) days to file a Reply. The Court has carefully reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised.

A plaintiff has no constitutional right to counsel in a civil case, and the decision to appoint counsel is within the Court's discretion. *Suggs v. United States*, 199 F. App'x 804, 807 (11th Cir. 2006). Indeed, counsel should only be appointed in "exceptional circumstances." *Id.* (citing *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992)). Exceptional circumstances exist when there are "facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quoting *Poole v. Lambert*, 819 F.2d 1025,1028 (11th Cir. 1987)) (quotations and alteration omitted). "The key is whether the *pro*

*se* litigant needs help in presenting the essential merits of his or her position to the court." *Suggs*, 199 F. App'x at 807 (quoting *Kilgo*, 983 F.2d at 193).

After reviewing the record in this case, the Court does not find this case presents such exceptional circumstances that counsel should be appointed. Nevertheless, Petitioner's case shall be referred to the Volunteer Attorney Program, where a volunteer attorney may accept the representation on a *pro bono* basis, if they so desire.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Motion, **ECF No. [22]**, is **DENIED**.

2. This case is referred to the Court's Volunteer Attorney Program, where a volunteer attorney may accept the representation on a *pro bono* basis if so desired. The Clerk of Court will post a description of the case and contact information on the Court's website of available *pro bono* cases seeking volunteer lawyers. If the representation is accepted, the volunteer attorney shall enter an appearance in the case and thereafter will be eligible for reimbursement of reasonable litigation expenses pursuant to the Court's Reimbursement Guidelines for Volunteer Counsel.

3. The Clerk of Court is **DIRECTED TO POST** the following description of the case:

    Petitioner Traymonte Birtanne Snipes has filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus, attacking the constitutionality of his confinement under the Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act, Fla. Stat. §§ 394.910-.913. Petitioner contends that he is being held in violation of the Constitution, laws, or treaties of the United States because his confinement is predicated upon fraudulent information and was obtained without due process.

4. Petitioner's Motion for Extension of Time, **ECF No. [23]**, is **GRANTED IN PART**.

    Petitioner shall file a Reply **no later than May 5, 2021**.

Case No. 21-cv-14034-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 23, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Traymonte Birtanne Snipes
2899621
Lee County Jail
Inmate Mail/Parcels
2115 Dr. Martin Luther King Jr. Blvd.
Fort Myers, FL 33901