**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-14034-BLOOM**

TRAYMONTE BIRTANNE SNIPES,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Petitioner's Notice of Appeal, ECF No. [27], which the Court construes as a Motion for Certificate of Appealability ("Motion"). ECF No. [28]. Petitioner argues that his Petition for a Writ of Habeas Corpus has been improperly construed as a petition under 28 U.S.C. § 2254 and this will "disadvantage" him in the proceedings. *Id.* at 3. On March 1, 2021, Petitioner filed a "Motion to Order" requesting the Court order the Sixth Circuit Court in Pinellas County provide Petitioner a Speedy Trial. ECF No. [17]. On March 3, 2021, the Court denied Petitioner's Motion to Order as premature because it "directly address[ed] the merits of the Petition, which the Court has not had the opportunity to address." ECF No. [19] at 1. Petition filed the instant Motion for Certificate of Appealability in response to the Court's March 3, 2021 Order.[1] For the reasons that follow, the Court denies Petitioner's Motion for Certificate of Appealability as no final order has been entered. However, the Court notes that Petitioner is correct that the Court mistakenly construed his Petition as one attacking a state court judgment under

---

[1] Petitioner states that he is challenging an order entered March 4, 2021, however, a paperless order was entered on that date directing the Clerk to mail a copy of ECF No. [19].

§ 2254.

## BACKGROUND

On January 14, 2021, Petitioner Traymonte Birtanne Snipes filed an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the Middle District of Florida challenging his involuntary civil commitment proceedings pursuant to the Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act, Fla. Stat. § 394.910-.913. ECF No. [3-1]. Specifically, Petitioner stated that he was challenging an "order adjudging [Petitioner] a sexually violent predator and involuntary civil commitment and medical treatment in secure placement" entered November 12, 2019 in Pinellas County Case No. 19-007477-CI. *Id.* at 2. At the time of filing the Petition, Petitioner was confined at the Treasure Coast Forensic Treatment Center in Martin County, Florida.[2] Because Petitioner was challenging his confinement in Martin County, the Middle District determined the appropriate venue was in the Southern District and transferred the Petition accordingly. ECF No. [6] ("Transfer Order"). The Transfer Order stated that Petitioner was "declared a 'sexually violent predator' and ordered [Petitioner] into involuntary civil commitment." *Id.* at 1. Based on the language in the Transfer Order and because Petitioner was challenging his continued custody pursuant to the Pinellas County judgment that he was a sexually violent predator, an Order to Show Cause was issued mistakenly construing the Petition as a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. [13]; *see Hiteshaw v. Butterfiel*d, 262 F. App'x 162, 163 (11th Cir. 2008) (per curiam) ("All applications for writs of habeas corpus are governed by § 2241, . . . if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254.") (quoting *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003).

---

[2] *See* Order Adjudging Petitioner Incompetent, Lee County case number, 19-CF-000220. ECF No. [18-2] at 50-53.

On March 3, 2021, Respondent filed its Response along with attached exhibits. *See* ECF No. [18, 18-1, 18-2]. The Response clarified the procedural posture of Petitioner's Petition, finding that Petitioner has not yet been adjudicated a sexually violent predator:

> Petitioner presently faces a civil commitment proceeding in case number 19-007477-CI, arising from a sexual crime previously committed in Pinellas County, Florida. Simultaneously, Petitioner is being criminally prosecuted by Lee County, Florida for sexual battery in case number 19-CF-000220. Both the Lee County criminal prosecution and the **Pinellas County civil commitment proceeding remain on-going and unresolved**, given the Lee County trial court's August 19, 2020, determination finding Petitioner incompetent.

ECF No. [18] at 1-2 (emphasis added). On February 25, 2021, Petitioner filed a notice with the Court updating his address to the Lee County Jail. ECF No. [15].

## DISCUSSION

At the outset, the Court agrees with Petitioner that his Petition should not be construed as a petition filed under § 2254. As is clear from review of the record, Petitioner is a pretrial detainee and his civil commitment proceedings pursuant to Fla. Stat. §§ 394.910-.913 are ongoing. As such, there is no state court judgment adjudicating Petitioner a sexually violent predator to challenge. *See* Hiteshaw, 262 F. App'x at 164 ("[Petitioner], as a pre-trial detainee, is not in custody pursuant to any state court judgment, and his habeas petition should have been treated as a § 2241 petition. Thus, the district court erred by characterizing it as a § 2254 petition."). Upon resolution of the instant interlocutory appeal, the Court will review the Petition as a Writ of Habeas Corpus under § 2241 challenging the constitutionality of Petitioner's pretrial detention.

In actions such as this one brought by an inmate under § 2241, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.[3] "A

---

[3] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners under § 2241 must obtain a COA to appeal." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). However, "a COA does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court finds that Petitioner is not entitled to a certificate of appealability as the Court has not issued a final order adverse to the Petitioner. Petitioner's Motion is an improper interlocutory appeal. *See* Rules Governing Section 2254 Cases, Rule 11(a). The Court has taken the Petition under advisement and, pending resolution of the instant appeal, the Court will rule on the Petition forthwith.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion for Certificate of Appealability, ECF No. [28], is **DENIED**, and a certificate of appealability shall not issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 6, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Traymonte Birtanne Snipes, *Pro Se*
#2899621
Treasure Coast Forensic Treatment Center
Inmate Mail/Parcels
96 SW Allapattah Road
Indiantown, FL 34956

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com