TRAYMONTE BIRTANNE SNIPES,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS, *et al.*,

    Respondents.

                                      /

## **ORDER OF DISMISSAL**

**THIS CAUSE** is before the Court upon *pro se* Petitioner Traymonte Birtanne Snipes' ("Petitioner") Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. [3-1] ("Petition"), filed January 14, 2021.[1] Petitioner challenges involuntary civil commitment proceedings pursuant to the Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act. *See id.*; *see also* Fla. Stats. §§ 394.910-.913. On March 3, 2021, the Florida Department of Corrections ("Respondent") filed a Response to Petition for Writ of Habeas Corpus with Supporting Memorandum of Law, ECF No. [18] ("Response").[2] The Court has carefully reviewed the Petition, all opposing and supporting materials, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is

---

[1] The Court previously noted that because "Petitioner is a pre-trial detainee and his civil commitment proceedings pursuant to Fla Stat. §§ 394.910-.913 are ongoing," the Petition should not be construed as a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. ECF No. [33] at 3; *see id.* ("[Petitioner], as a pre-trial detainee, is not in custody pursuant to any state court judgment, and his habeas petition should have been treated as a § 2241 petition. Accordingly, the Court erred in initially characterizing the Petition as one filed pursuant to § 2254.

[2] While Petitioner did not file a Reply, he filed a statement "challenging the legalities of [his] pretrial detention in Pinellas civil commitment proceeding in case [no.] 19-007477-CI" on April 26, 2021. *See* ECF No. [35].

dismissed as premature and under *Younger v. Harris*, 401 U.S. 37 (1971).

## I. BACKGROUND

Petitioner is a pre-trial detainee currently confined at the Lee County Jail. *See* ECF No. [16]. Petitioner is currently awaiting two trials: (1) involuntary civil commitment proceedings pursuant to the Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act in Pinellas County, Case No. 19-007477-CI ("Pinellas County Civil Commitment Proceedings"), *see* ECF No. [18-2] at 8; and (2) criminal prosecution for sexual battery with threat of force and first degree burglary with assault or battery in Lee County, Case No. 19-CF-000220 ("Lee County Criminal Case"), *see id.* at 41-42. The Court previously recounted the procedural history in this case:

> On January 14, 2021, Petitioner Traymonte Birtanne Snipes filed an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the Middle District of Florida challenging his involuntary civil commitment proceedings pursuant to the Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act, Fla. Stat. § 394.910-.913. ECF No. [3-1]. . . . At the time of filing the Petition, Petitioner was confined at the Treasure Coast Forensic Treatment Center in Martin County, Florida. Because Petitioner was challenging his confinement in Martin County, the Middle District determined the appropriate venue was in the Southern District and transferred the Petition accordingly. ECF No. [6] ("Transfer Order").

ECF No. [33] at 2 (footnote call number omitted).

A more in-depth explanation of Petitioner's overlapping civil and criminal cases is necessary to better understand the status of the Petition. On December 12, 2018, Petitioner entered the custody of the Florida Department of Corrections ("FDOC") to serve a thirteen-month sentence stemming from a felony conviction for carrying of a concealed weapon and misdemeanor trespass in Pinellas County, Case No. 18-14996-CF. *See* ECF No. [18-2] at 10-14. On April 30, 2019, while Petitioner was still in FDOC custody, Lee County Sheriff's Office placed a detainer hold on Petitioner in response to an arrest warrant in the Lee County Criminal Case. *See id.* 19-20, 55-56.

On November 12, 2019, prior to the Lee County Sheriff's Office assuming custody of Petitioner, an order finding probable cause that Petitioner was a "sexually violent predator" as defined in Fla. Stat. § 394.912 was entered in the Pinellas County Civil Commitment Proceedings. *Id.* at 8. On December 16, 2019, the Lee County Sheriff's Office assumed custody of Petitioner and he was transported to the Lee County Jail to await further criminal proceedings in the Lee County Criminal Case. *Id.* at 20. On August 19, 2020, Petitioner was adjudged incompetent to proceed in the Lee County Criminal Case and he was committed for treatment to the Department of Children and Families at the Treasure Coast Forensic Treatment Center. *Id.* at 50-53. At the time of filing the Petition, Petitioner was still confined at the Treasure Coast Forensic Facility because his competency in the Lee County Criminal Case had not yet been restored. Petitioner's Pinellas County Civil Commitment Proceedings were halted in response to the finding of incompetency in the Lee County Criminal Case. *See* ECF No. [18] at 4-5 (citing ECF No. [18-2] at 16-17).

The Petitioner claims he is being held as a sexually violent predator pursuant to an unlawful judgment in the Pinellas County Civil Commitment Proceedings. ECF No. [3-1] at 6. Petitioner argues that the order was obtained through the use of false evidence in violation of his Fourteenth Amendment procedural due process rights, and he seeks immediate release from the custody of the Department of Children and Families. *Id.* at 6-7.

## II.    LEGAL STANDARD

A writ of habeas corpus that alleges pre-trial detention violates the Constitution of laws or treaties of the United States is properly brought pursuant to 28 U.S.C. § 2241. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261-62 (11th Cir. 2004) (holding that a pretrial petition for habeas corpus relief is properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him).

Even if a federal court may exercise jurisdiction to consider a state court's pretrial detention order, principles of equity, comity, and federalism counsel abstention in deference to ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (concluding that *Younger* abstention requires a dismissal without prejudice). "Younger abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).

Consequently, *Younger* requires that federal courts "abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal case is in an embryonic stage and no contested matter [has] been decided." *Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 766 (11th Cir. 2013) (internal quotations omitted) (alterations in original). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes*, 377 F.3d at 1263. The exceptions to the *Younger* abstention doctrine are: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6 (citing *Younger*, 401 U.S. at 45, 53-54); *but see Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").

### III. DISCUSSION

Petitioner seeks release from custody on the basis that he was unlawfully adjudicated a

sexually violent predator in the Pinellas County Civil Commitment Proceedings. The Petition, however, is subject to dismissal for several reasons.

As a preliminary matter, Petitioner has not been adjudicated a sexually violent predator. The Pinellas County Civil Commitment Proceedings remain active and ongoing. ECF No. [18-2] at 16-17. Once a court determines probable cause exists to believe that a person is a sexually violent predator, Florida law requires detainment of the person "in a secure facility without opportunity for pretrial release or release during the trial proceedings." Fla. Stat. § 394.915(5). Based upon the State's sworn petition, which included a recommendation of a Multidisciplinary Team from the State Attorney's Office that the State proceed with civil commitment proceedings, the Pinellas County Court determined that probable cause existed to believe that Petitioner is a "sexually violent predator." ECF No. [18-2] at 2-8. Once a probable cause determination was made, Pinellas County was entitled to detain Petitioner.[3]

More importantly, the Petition is due to be dismissed pursuant to *Younger* abstention. Here, *Younger* abstention is appropriate because: (1) the Pinellas County civil commitment proceedings were pending when the Petition was filed and remain ongoing; (2) the civil commitment proceedings involve important state interests; and (3) Petitioner may raise his constitutional challenges to the procedures used in the probable cause determination in the state forum. *See Marvel v. Hadi*, No. 306-CV-826-J-33MCR, 2008 WL 552626, at *1 (M.D. Fla. Feb. 27, 2008) (citing *Younger*, 401 U.S. at 37) (dismissing habeas corpus petition as premature pursuant to *Younger* where petitioner's civil commitment proceedings remained pending and no exceptional circumstances justified district court's intervention).

---

[3] Due to the overlapping and ongoing criminal and civil commitment proceedings against Petitioner, he is currently in the custody of the Lee County Sheriff's Office and awaiting further proceedings in his criminal case. *See id.* at 55-56 (FDOC inmate release information showing Sixth Judicial Circuit Court in and for Pinellas County, Florida has an open detainer hold on Petitioner).

Petitioner does not allege, and the record does not reflect, that one of the *Younger* exceptions applies. Petitioner has not alleged any bad faith on the part of the State, nor has he alleged any irreparable injury. Petitioner's allegations are not "substantial" to warrant relief. *See Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) ("[Petitioner] must make a 'substantial allegation' showing actual bad faith." (quoting *Younger*, 401 U.S. at 48) (alteration added). In short, the relief Petitioner requests "would create an 'undue interference with state proceedings.'" *See Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989)).

## IV.   CERTIFICATE OF APPEALABILITY

In actions such as this one brought by a prisoner under § 2241, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.[4] This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record, the Court finds that a COA is not warranted.

---

[4] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners under § 2241 must obtain a COA to appeal." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

### V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [3-1]**, is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 25, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Traymonte Birtanne Snipes, *Pro Se*
#2899621
Lee County Jail
Inmate Mail/Parcels
2115 Dr. Martin Luther King Jr. Blvd
Fort Myers, FL 33901

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com